MCDOUGLE-CRAIG COMPANY, *Appellee,* v. J. R. GREEN-LEES, *Appellant.*

No. 16,510.

### SYLLABUS BY THE COURT.

JURISDICTION—*Justices of the Peace in Douglas County—"City Courts."* The term "city courts" in the proviso of section 1 of the justices' civil code limiting the jurisdiction of justices of the peace in counties where city courts are established, does not include the county court of Douglas county, and the jurisdiction of justices in that county was not affected by that proviso.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed May 7, 1910. Affirmed.

*S. D. Bishop,* and *A. C. Mitchell,* for the appellant.
*Fred A. Clarke,* and *W. B. Brownell,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: The question to be determined in this case is whether a justice of the peace in Grant township, Douglas county, had jurisdiction of an action for the recovery of money not exceeding $300, where the defendant was a resident of the city of Lawrence. When the action was commenced and tried chapter 165 of the Laws of 1901, creating the Douglas county

court, was in effect.   The defendant's contention is that the amendment of 1899 (Laws 1899, ch. 93, § 1; Gen. Stat. 1909, § 6361) to section 1 of the justices' code deprived the justice of jurisdiction.   The amendment provides:

"That in any county in which a city court has been or shall be created, justices of the peace outside the city wherein such court is located shall not have jurisdiction of cases in which any defendant resides in such city."

It is argued that, as the provisions of the act creating the county court are similar to various acts creating city courts in several cities, the above proviso should be construed to include this court also.

The similarity of the acts creating various city courts and some of their points of difference are noted in *The State v. Nation*, 78 Kan. 394.   The Douglas county court was given jurisdiction somewhat different from the city courts, although in its principal features not differing from that given to some of them. The rules of practice provided were taken from both the justices' and the civil codes, and some from neither. The clerk of the district court was *ex officio* its clerk, and the judge was elected by the voters of the entire county.   Its title of county court was an apt designation, viewed in the light of its organization and jurisdiction.   As the legislature referred only to city courts in limiting the jurisdiction of justices, and created both city and county courts, we can not presume that it intended to include the latter in the limitation.   If the legislative purpose had been to include county courts in the limitation they would also have been named in the proviso.

The judgment is affirmed.